JUSTICE LEAPHART
dissenting.
¶50 I dissent to Issue 1. Farmers clearly waived the benefit of the “at will” provisions in the Agreements when it adopted and distributed the following Standards:
[[Individual District Managers must have a clear understanding of what is expected of them.... To determine whether the District Manager’s contract is to be maintained or not, current year’s ... results will be evaluated using the following General Component Criteria ... [and] These are the standards which all District Managers are expected to meet as a condition of continuing their District Managers’ Appointment Agreement.
¶51 The Standards are clear: A district manager’s contract renewal is not “at will”- i.e., not subject to the whim of the employer-but rather is measured by adherence to the General Component Criteria. If there was any doubt as to the import of this language, Farmers’ Division Marketing Manager, Bruce Gordon, clarified that tenure as a manager with Farmers hinged not upon the caprice of the employer but rather on “achievement” and “performance,” when he wrote: “[Y]ou must achieve your net gain requirement of 19 full time agents by yearend. Failure to achieve this performance standard may result in the termination of your District Manager Appointment Agreement.” The Court finds significance in the fact that Farmers’ Standards covered all the bases and preserved its “at will” option by stating: “This program in no way modifies the Companies’ right to terminate on 30-days notice, with or without cause, anytime during the measurement cycle.” I do not buy into this Orwellian double speak. If Farmers maintained that it had “at will” discretion to terminate a manager, there would be no need for Farmers to set standards stating that if the manager does not meet certain performance standards, he or she may be terminated. Under the Court’s interpretation, the Standards are nothing more than surplusage. In effect Farmers has stated, “if you do not meet the performance standards you may be terminated and if you do meet the standards you may still be terminated.” I disagree. Standards are the antithesis of “at will” discretion. Farmers cannot have it both ways. In adopting the Standards, Farmers clearly promised its managers that if they meet certain standards their contracts will continue. This constitutes a voluntary and intentional relinquishment of a known right to terminate “at will.” Idaho Asphalt Supply v. DOT, 1999 MT 291, 297 Mont. 66, 991 P.2d 434.